ENTERPRISE MANUF'G CO. *v.* DEISLER.

ENTERPRISE MANUF'G CO. *v.* WANAMAKER.

*(Circuit Court, E. D. Pennsylvania. June 2, 1891.)*

**1. PATENTS FOR INVENTIONS—ANTICIPATION—MEAT-CUTTER.**
   Letters patent No. 271,398, issued to John G. Baker, January 30, 1883, for improvements in mechanism to cut up plastic or yielding substances, consisting of a machine in which the sole reliance for cutting is upon a knife or other cutting device operating in conjunction with a perforated plate at the points of discharge from the casing, and in which there is no intentional disturbance of the substance to be cut, other than to force it forward, before it reaches the plate, is not invalid on account of anticipation. Following *Manufacturing Co.* v. *Sargent*, 34 Fed. Rep. 134.

**2. SAME—INFRINGEMENT.**
   The first claim of said patent for the combination of a casing for containing the substance to be cut, a perforated plate at the end of the casing, a device for forcing the substance forward in the casing and against the plate without otherwise disturbing it, and a knife operating against the inner face of the plate, is infringed by a device containing all the elements specified, though there is some unintentional disturbance caused by the forcing apparatus in the substance to be cut before it reaches the plate.

**3. SAME.**
   The second claim of said patent for the combination of a casing, a perforated plate, a rotating knife, and a forcing screw is not infringed by a device in which a cylinder with fingers is substituted for the forcing screw.

**4. SAME—RES ADJUDICATA.**
   A decision in the circuit court on the validity of a patent should be followed by the courts of other circuits, except where its validity is afterwards challenged by evidence that was not introduced at the former hearing.

Bills in equity by the Enterprise Manufacturing Company v. Deisler, manufacturer, and John Wanamaker, seller, of a meat-cutting device, to enjoin the infringement of patent No. 271,398.

*Charles Howson*, for complainant.

*Horace Pettit*, for respondents.

BUTLER, J. The suits are for infringement of claims 1 and 2 of letters patent No. 271,398, issued to John G. Baker, January 30, 1883, for 'Improvements in mechanism to cut up plastic or yielding substances." The facts in each are the same; and they are, therefore, considered to-

gether. The defense, as set up in the answer, is twofold: *First*, that the patent is invalid; and, *second*, that it is not infringed. The first was involved and fully considered, in a suit by this plaintiff against Sargeant & Co., by the circuit court for Connecticut, in 1883, and the patent sustained. The question was examined and an opinion filed, on motion for preliminary injunction; and again more fully and elaborately considered on final hearing. The first of these opinions is found in 28 Fed. Rep. 185, and the second in 34 Fed. Rep. 134. We are asked to reconsider the question, on the grounds that the decision is not binding upon us, and that further anticipatory evidence is produced. As respects the first it is only necessary to say that a proper regard for the interests of suitors requires that the decisions shall be given controlling effect. The importance of uniformity in the law, as administered in the several circuits, is too great to be disregarded, even where the judges may differ in opinion. Conflicting decisions on the same patent would be an intolerable evil. The rule in this circuit is well settled. *Manufacturing Co.* v. *City of Philadelphia*, 30 Fed Rep. 625; *Mayo* v. *The Chelmsford*, 34 Fed. Rep. 399; *Hammerschlag* v. *Garrett*, 9 Fed. Rep. 43; *Zinsser* v. *Krueger*, 45 Fed. Rep. 574; *Cary* v. *Manufacturing Co.*, 31 Fed. Rep. 344. The question of validity, therefore, is open only so far as respects the additional evidence introduced; and this does not require extended discussion.

In the suit against Sargeant & Co. the court decided that John G. Baker was the first to invent a machine for cutting plastic or yielding substances, in which all preliminary cutting devices were eliminated and the sole reliance for cutting was upon a knife or other cutting device, operating in conjunction with a perforated plate, at the points of discharge from the casing, and in which there was no intentional disturbance of the substance, (other than to force it forward,) before reaching the plate. Upon these characteristics the court distinguished the Baker machine from all others in previous use. We do not find anything in the additional evidence to justify a different conclusion. Other devices are shown; but they add nothing to the force of the defense made in that case. What was there said in distinguishing Baker's cutter from the devices set up may justly be applied to the additional devices shown here. The Dollman and the Miles machines, which were before Judge SHIPMAN, seem quite as much like the complainant's as are any of the additional devices set up. The Baker machine of patent 220,112, first introduced here, is not intended to cut "yielding substances," nor anything else; and is not adapted to such a purpose. It is a "press" designed for extracting juice from fruits alone. Resemblances may be found in some of its parts and combinations, to the complainant's machine. It has a casing, a forcing screw, and what may be called a perforated plate or sieve. These elements are not, however, combined as in the complainant's machine; and the complainant's knife operating in conjunction with the perforated plate, is wanting. Intended for different purposes the organization of the two machines is dissimilar, and neither is capable of doing the work for which the other is designed.

The Brethon machine of the English patent of 1887, is intended for "grinding, mingling, melaxating, and freeing clay" from hard substances, in preparing it for the manufacture of tile, brick, and so forth. It, also, is unsuited for the use to which the complainant's is applied; and is hardly more like it than the "press" referred to. It, also, has a casing, a screw with blades or arms above, and a perforated plate below, connected with a scraper which operates upon its under surface. It has not, however, the screw or other forcing mechanism, described in the complainant's patent, and operating in conjunction with the casing, as shown in his machine. Neither the screw, nor the blades or arms above, bear such relation to the casing, as would render them effective for the purposes of the complainant's forcing device. Nor has it the complainant's knife, operating in conjunction with the perforated plate. The machine was not intended for cutting purposes; and such a device, would, therefore, be out of place in it. The perforated plate is employed simply to afford means of escape for the softened clay, while the scraper is employed to remove hard substances that may be deposited on its surface. Mr. Brethon calls the latter instrument, indiscriminately, a "knife," a "blade," and a "scraper." It is, however, a scraper, and nothing more. While resemblances may be found in Brethon's machine also, to the complainant's, no one observing the former without knowledge of the latter would receive a hint of its possible applicability to the use of cutting meat, or other yielding substance.

Simpson's machine, of the English patent of 1873, for cutting peat, tan, and other fibrous substances, bears little if any, greater resemblance to the complainant's. The language of his specifications (which is general, and apparently indefinite) must be read in connection with the drawings intended to illustrate its meaning. Neither of the figures shown exhibit anything like the complainant's machine. If it were true that the latter might be formed, substantially, by combining parts of the several structures exhibited, (as the respondent urges,) this would not show anticipation, but rather the construction of a new device. Here again, it may be justly said that no one looking at the machine, in either of the forms of construction exhibited, would receive a suggestion of the complainant's invention. This machine, as well as Brethon's, is intended to, and does, operate upon the material fed during the process of feeding, and both, therefore, seem to belong to the class of which the Miles device is an example.

The Jones patent of 1858, reissued in 1865, is for a meat-cutter; but it, also, is essentially unlike the complainant's. Its material parts are a cylindrical casing, around a fluted roller with spiral, flat, sharpened ribs, with an opening at the bottom, in which a serrated knife is fixed, to co-operate with the sharpened edges of the ribs in cutting meat. It has no forcing apparatus properly considered, and the cutting virtually ceases when the operator's hand is withdrawn; nor has it a perforated plate. In construction, operation, and effect the machine is essentially unlike the complainant's. Nothing further need be said on the first branch of the defense.

Does the respondent infringe? The claims involved read as follows:

"(1) The combination, in a machine for cutting up plastic or yielding substances, of the following instrumentalities, namely: *First,* a casing for containing the substances to be cut up; *second,* a perforated plate at or near the end of the casing; *third,* a device for forcing the crude mass forward in the casing and against the said plate without otherwise disturbing the integrity of the said mass; and, *fourth,* a knife operating against the inner face of the plate, and serving as the sole means, in connection with the said plate, of cutting up the mass by severing therefrom the portions which enter the perforations, all substantially as set forth. (2) The combination of a casing, *E,* having at or near one end a perforated plate, a rotating knife acting against the inner face of the said plate, and a forcing screw, the continuous thread of which extends to or nearly to the knife, and which rotates with the latter, substantially as specified."

The first claim is clearly and precisely stated. Its essential elements are the casing; the perforated plate; the forcing device, which drives the mass forward "without otherwise disturbing its integrity;" and the knife operating against the inner surface of the plate, and serving as the sole means, in connection with the plate, of cutting the mass. The respondent insists that the claim if sustained, must, in view of the prior art be narrowly construed. It cannot however, be limited beyond the plain import of its terms. It must have this effect, or be disallowed. The defendant's machine is accurately described by these terms. It contains each of the elements named. It has in combination the cylinder or casing; a forcing device; a perforated plate, and a knife operating against its inner side, serving as the sole means, in conjunction with the plate, of cutting up the mass. The fingers and cylinder are so constructed that their co-action operates to force the mass forward, while the sharpened edges or flat sides of the former act as knives, and sever the particles of meat or other plastic substance, as they enter the perforations in the plate. In principle, operation, and effect, it answers the descriptive terms of the claim. It shows marked structural differences; but they are unimportant.

The respondent seeks a distinction in the fact that there is some disturbance in the integrity of the mass, by the fingers of his device, before it reaches the plate; that particles of the meat or other substance, force their way back between the fingers and casing and are thus mangled and torn. This however, is accidental, and unavoidable; and occurs in all similar machines. It does so, though to a smaller extent in the complainant's. Judge SHIPMAN remarked upon it, in the suit before him:

"It does not follow that the patentee meant, or that his patent is to be fairly construed as meaning, that the meat was to come to the plate in a condition in which no rubbing or no abrasion or no disintegration had taken place; he simply meant that in contrast with the Miles machine, there was no cutting action in this device; that no reliance was placed, for cutting the meat, upon anything else than the plate and the knife, and that the mass was forced to the plate without any other disturbance of its integrity than was incident to the forcing process."

This preliminary tearing or mangling in which the respondent now seems to see advantage is, as before stated, purely accidental and would

doubtless be avoided were it practicable. The respondent does not claim it as a merit in his patent, nor allude to it in his specifications. We must, therefore, hold that the first claim is infringed.

Is the second infringed also? Its only distinguishing feature is the forcing screw. This we do not find in the respondent's machine. To hold that the fingers and cylinder constitute the complainant's screw is not justifiable; nor is it justifiable to say they are its equivalent because they do its work. To say that they are, would obliterate the distinction between the first and second claims; for if any forcing device that may be adopted—capable of performing the office of the screw—is its equivalent, it follows that the two claims are for the same thing. A decree may be entered in the usual form, for infringement of the first claim.

ACHESON, J., concurs.