## GORMLEY & JEFFERY TIRE CO. v. UNITED STATES AGENCY et al.

(Circuit Court of Appeals, Second Circuit.    March 21, 1910.)

### No. 139.

1. PATENTS (§ 327*)—SUITS FOR INFRINGEMENT—EFFECT OF PRIOR ADJUDICA-
TION IN ANOTHER CIRCUIT.

The importance of securing uniformity in the law as administered in the several circuits in patent causes is so great that a decision of a Circuit Court of Appeals in one circuit should be followed by that of another circuit in every case where the questions presented can fairly be regarded as doubtful.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*

Effect of prior adjudications in patent infringement suits on Circuit Court of Appeals, see notes to National Cash Register Co. v. American Cash Register Co., 3 C. C. A. 565; Amberg File & Index Co. v. Shea Smith & Co., 27 C. C. A. 247; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PATENTS (§ 328*)—INFRINGEMENT—RUBBER TIRES.

The Jeffery patents, No. 454,115 and No. 558,956, for pneumatic wheel tires, *held* not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Gormley & Jeffery Tire Company against the United States Agency and others. Decree for defendants (169 Fed. 831), and complainant appeals. Affirmed.

The decree of the Circuit Court dismissed a bill charging the infringement of letters patent No. 454,115, dated June 16, 1891, and No. 558,956, dated April 28, 1896, issued to Thomas B. Jeffery for improvements in wheel tires.

Livingston Gifford, for appellant.

F. R. Coudert, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. These patents were before the Circuit Court for the Western District of Pennsylvania and the Circuit Court of Appeals for the Third Circuit in the suit of the present complainant against the Pennsylvania Rubber Company, and the opinions of those courts are reported in 155 Fed. 982 and 161 Fed. 337, 88 C. C. A. 308, respectively. The Circuit Court held that the defendants' tire in that suit did not infringe the patents, and its decision was affirmed by the Circuit Court of Appeals.

It is conceded that the tire which was held not to infringe in the Pennsylvania case was practically the same as that of the defendants in this case, and the records in the two cases are not substantially different. So at the outset we find decisions in the Third Circuit directly against the contentions of the complainant. The decision of the Circuit Court of Appeals for the Third Circuit is entitled to the greatest respect in this court, as is also the decision to the same effect of the Circuit Court. The high standing of those courts would give weight to their opinions upon any subject. But, more than that, the importance of securing uniformity in the law as administered in the several circuits in patent causes is so great that a decision of a court of coordinate jurisdiction should be followed by this court in every case where the questions presented can fairly be regarded as doubtful. Pratt v. Wright (C. C.) 65 Fed. 99; Enterprise Mfg. Co. v. Deisler, (C. C.) 46 Fed. 855.

With respect to the first patent in suit, the most we can say is that, had the question been presented to us in the first instance, it is by no means certain that we would have given the patent so narrow a construction as to exclude infringement. There is much ground for contending that the flanges of defendants' structure are the "hooked edges" of the claims. Still, in the Pennsylvania case Judge Buffington in the Circuit Court considered the claims in connection with the specifications, and held that they covered a specific form of hook connection not embraced in the defendants' device. The Circuit Court of Appeals likewise construed the claims in connection with the specifications

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and affirmed Judge Buffington's decision. It is true that the Circuit Court of Appeals erroneously considered the Golding patent as in the prior art, and referred to it in its opinion as tending to narrow the construction of the claims. But this patent was not referred to in the Circuit Court's decision, and cannot be said to have controlled the decision of the Circuit Court of Appeals. Reading the claims with the specifications seems to have led that court—like the Circuit Court—to a narrow construction independently of the Golding patent. Moreover, the error regarding the Golding patent was called to the attention of the Circuit Court of Appeals upon petition for rehearing. As the rehearing was denied, it may fairly be inferred that the Circuit Court of Appeals did not regard the Golding patent as having materially influenced its decision.

Upon the whole, we think the question of the construction of the first patent a doubtful one, and that we should follow the decisions in the Third Circuit.

Our duty with respect to the second patent seems even clearer than with respect to the first. The Circuit Court of Appeals approved and adopted the opinion of the Circuit Court that the lateral inwardly extending portions of the sheath referred to in the claims were not to be found in the defendants' structure. The whole question turned upon the construction to be given to the claims in controversy when read in the light of the specifications. Precisely the same question upon the same record is presented to us. We regard it as a doubtful question to say the least, and feel that we ought to follow the decision of a court of co-ordinate jurisdiction.

The decree of the Circuit Court is affirmed, with costs.