## PHILAD CO. v. LECHLER LABORATORIES, Inc., and three other cases.

### No. 72.

Circuit Court of Appeals, Second Circuit.

Nov. 20, 1939.

Morris Kirschstein, of New York City, for appellant.

Willis B. Rice, of New York City, for appellees Lechler Laboratories, Inc., and Handy Machine Tool & Engineering Co., Inc.

Thomas A. Hill, of New York City, for appellees I. X. L. Permanent Wave Corporation and Continental Permanent Wave Corporation.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The Philad Company, owner of a patent on a process for imparting a permanent wave to the hair, patent to Mayer, reissue 18,841, brought suits for infringement against four concerns. The charge was that the defendants were guilty of contributory infringement, in that they sold appliances designed for use in waving hair by the patented process, with knowledge that purchasers were to use the appliances in waving hair by that process. The cases were tried together. The defendants conceded that the appliances sold by them (clamps, curling rods, pads and heaters) were of shapes and sizes that fitted them for use in operating the patented process and were sold with knowledge that customers would use them in waving hair by that process. The trial judge dismissed the complaints without passing on the validity of the patent. He held that the Philad Company was attempting to use the process patent to control unpatented materials and was consequently not entitled to relief.

The Philad Company does not use the patented process, nor does it collect royalties from hair dressers for use of the process. What it does do is to issue licenses to some sixteen concerns which manufacture hair waving equipment, with authority to sublicense the process to purchasers of equipment. The licenses fix minimum selling prices for the various articles of equipment and give the Philad Company royalties based on such prices. The manufacturing concerns sell the equipment to hair dressers, in effect sublicensing them to use the patented process with the equipment. The defendants are competitors of the licensed manufacturers in the sale of hair dressing apparatus. As already stated, their apparatus is suitable for use in carrying on the patented process and is in fact so used, to the knowledge

of the defendants. The apparatus, however, is not within the patent sued on. The Philad Company issues warnings to the trade to buy equipment only from its licensees, on pain of being sued for infringement of the process patent. It has brought numerous suits for contributory infringement against jobbers who handle equipment not made by the licensed manufacturers, as in the present cases; but it does not sue hair dressers for direct infringement. By agreement with the licensees the number of licenses to be issued is not to exceed eighteen.

The foregoing facts bring the present cases within Carbice Corporation v. American Patents Development Corp., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819, and Leitch Mfg. Co. v. Barber Co., 302 U.S. 458, 58 S.Ct. 288, 82 L.Ed. 371. In the Carbice case the patent was on a transportation package for frozen products, carbon dioxide being one of the elements of the package. The exclusive licensee did not manufacture the patented package or license others to manufacture the package. It sold carbon dioxide, an unpatented product, and by notice permitted purchasers to use the package only in case they purchased their supply of carbon dioxide from it. The suit was against a concern which sold carbon dioxide for use in the packages, and the charge was contributory infringement. Relief was denied on the ground that the plaintiff was employing the patent on the package to suppress competition in the unpatented material used in applying it. The rule was laid down broadly that where the owner of a patent sought by means of it to control the supply of unpatented materials used in applying the invention, no relief would be given in a suit for contributory infringement against a concern which sold the unpatented materials to the trade. In the Leitch case the rule was reiterated and applied to a process patent. There the plaintiff owned a patent on a method of building roads in which bituminous emulsion was used. The emulsion was unpatented. The plaintiff sold the emulsion to road builders, impliedly licensing them to use the patented process with the emulsion so sold. Its profits came from the sale of the emulsion. It was held that the plaintiff could not have relief for contributory infringement against a concern which sold the emulsion to road builders for use in practicing the patented process. The court pointed out

that the owner of the patent was using it to suppress competition in an unpatented article, and held that the Carbice case was controlling.

Obviously these decisions present an important limitation on the doctrine of contributory infringement as formerly understood. The limitation was forecast as early as 1917 by Motion Picture Patents Co. v. Universal Film Mfg. Co., 243 U.S. 502, 37 S.Ct. 416, 61 L.Ed. 871, L.R.A. 1917E, 1187, Ann.Cas.1918A, 959, overruling Henry v. A. B. Dick Co., 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed. 645, Ann.Cas.1913D, 880. That there is something left of contributory infringement is indicated by the reference in the Carbice opinion [283 U.S. 27, 51 S.Ct. 336, 75 L.Ed. 819] to Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U.S. 325, 29 S.Ct. 503, 53 L.Ed. 816, as "an ordinary case of contributory infringement". On contributory infringement the distinction at present is between the case where an owner of a patent exploits it in the ordinary manner and the case where he employs it primarily as a means of suppressing competition in unpatented materials used in connection with it. The present cases are obviously of the latter type. The patent sought to be enforced is on a process of waving hair. It does not give the plaintiff a monopoly in the appliances by which the process is operated. Yet the plaintiff's course of conduct shows plainly that the sole use made of the patent is to suppress competition in the appliances. It is not entitled to relief against those who sell such appliances without its leave.

It is urged that the rule of the Carbice case covers only an effort of a patentee to control the use of staple materials, carbon dioxide in the Carbice case, bituminous emulsion in the Leitch case, and that the hair waving devices in the present cases are not staples. There is no support for any such limitation on the rule. In both the Carbice case and the Leitch case the emphasis was on the fact that the articles handled by the alleged contributory infringers were not covered by the patent, and on the further fact that the patentee by his method of doing business was using his patent as if it did cover such articles. Another asserted distinction is that the Philad Company has patents on the appliances as well as on the process and that the manufacturers are licensed under such patents. The suits are not for infringement of any such patents, and for present

purposes the appliances are to be taken as unpatented. If the plaintiff believes that the appliances sold by the defendants are direct infringements of product patents owned by it, it may test its rights by suit for ordinary infringement of those patents.

The trial judge was right in dismissing the suits, on the ground stated by him. The decrees will be affirmed.