**NOVADEL–AGENE CORPORATION v.
PENN et al.**

**SAME v. TEX–O–KAN FLOUR MILLS CO.**

No. 9826.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1941.

Rehearing Denied June 16, 1941.

Brady Cole and Garrett R. Tucker, Jr., both of Houston, Tex., and Loren N. Wood, Robert S. Dunham, and Drury W. Cooper, all of New York City, for appellant Novadel-Agene Corporation.

Samuel E. Darby, Jr., and Louis D. Fletcher, both of New York City, and Robert Allan Ritchie, of Dallas, Tex., opposed.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Fredric H. Penn and Tex-O-Kan Flour Mills Company were sued for infringement of two patents owned by Novadel-Agene Corporation. The patents in suit were No. 1,539,701 issued to Egbert Cornelis Sutherland on May 26, 1925, and No. 1,555,805 issued to Thilo Kroeber on September 29, 1925.

The claims declared upon by Novadel-Agene Corporation were the following:

Sutherland, No. 1,539,701.

"5. A process for treating flour, meal or other cereal or analogous milling product, consisting in mixing the product with a benzoyl peroxide compound and thereafter effecting a reaction of this compound on the said product while in the mixture, and while maintaining the said product in a substantially dry and pulverulent condition.

"11. An intimate mixture comprising an edible cereal milling product incorporated with a small quantity of a benzoyl peroxide compound.

"12. An intimate mixture comprising a milling product intimately incorporated with a small amount of benzoyl peroxide.

"24. A process which comprises the step of treating flour, meal and like edible milling products with a percentage of benzoyl peroxide not substantially greater than 0.02%."

Kroeber, No. 1,555,805.

"5. An organic peroxide the bulk of which is comminuted to a grain size much finer than ordinary flour."

Fredric H. Penn conducts a business under the name of "Superlite Company", and manufactures a benzoyl peroxide bleaching compound known as "Superlite." On July 16, 1940, a patent, No. 2,208,471, was issued to Penn for his "Method and Composition for Bleaching Milling Products." The infringement charged against Penn by Novadel-Agene Corporation is the manufacture and sale of "Superlite" with "knowledge and intent that it should be used, and particularly that it be mixed with flour to bleach the same." It was charged that Tex-O-Kan Flour Mills, one of Penn's customers, had infringed the patents by (a) mixing "without consent or license" an organic peroxide with flour "to treat or improve the same", or otherwise performing the processes claimed in letters patent No. 1,539,-701; and by (b) utilizing for the treatment of flour an organic peroxide "the bulk of which is comminuted to a grain size much smaller than flour, or other products as embodied and claimed in letters patent No. 1,555,805."

The cases against Penn and Tex-O-Kan were consolidated and tried together. After an exhaustive hearing the court found both patents invalid and entered a decree dismissing the complaints. Novadel-Agene Corporation has appealed.

It is conceded by the appellees that if the patents are valid they are guilty of infringement. Therefore, the only question now before us is whether the patents are valid, and if so, whether the suit against appellees for infringement is barred by the defense of improper use or unclean hands.

■ We agree with the court below that Claim 5 of the Kroeber patent is invalid for want of invention. The appellant contends that the product of Claim 5 is an invention of real merit, and that the change in the art taught by Kroeber produced remarkable and unexpected results. Benzoyl peroxide was used as a flour bleaching

agent prior to the filing of Kroeber's application. The mere mechanical division of the benzoyl peroxide did not change the character or properties of the chemical, and the facts shown in the record sustain the finding that Kroeber's Claim 5 did not show invention. Cf. Kessler v. Buick Motor Company, 5 Cir., 64 F.2d 599.

As to the Sutherland patent the case is different. The record shows that prior to the issuance of the patent in suit·a prior patent, No. 1,380,334, Reissue 116, had been issued to Sutherland on May 31, 1921. The court below felt that the patent in suit covered the same invention as Reissue 116, and accordingly held that when the first Sutherland patent expired on May 31, 1938, the invention "so far as organic and inorganic peroxide are concerned" passed into the public realm on that date. This issue of double patenting by Sutherland was tried and found in favor of the patentee over twelve years ago by the United States District Court for the Southern District of New York. This decision was affirmed by the Second Circuit Court of Appeals on November 4, 1929, Novadel Process Corporation v. J. P. Meyer & Co., 35 F.2d 697, 701. That court found, "The inventor's two patents are for distinct subject-matters". It further upheld all the claims involved in the cases at bar.

 The worth and validity of the invention described in patent No. 1,539,701 has been recognized and accepted by the trade for many years, and it is clear that Sutherland did make an invention of far-reaching importance to the manufacturers of flour, meal, and other edible cereal products. Moreover, the presumption of validity arising from the issuance of the letters patent was greatly reinforced by the clear-cut decision of the Second Circuit Court of Appeals in the Meyer case supra, which decision has stood the test of time for twelve years. The patent in suit has only one more year to run and we see no good reason for departing from the decision of the Second·Circuit Court of Appeals and declaring the patent invalid at this late date. Gormley & Jeffrey Tire Co. v. United States Agency, 2 Cir., 177 F. 691; Cincinnati Butchers' Supply Co. v. Walker Bin Co., 6 Cir., 230 F. 453; Hughes Tool Co. v. United Mach. Co., D.C., 35 F.Supp. 879.

 The appellees further insist that the Sutherland patent is invalid under the Disclaimer Statute, R.S. 4922, 35 U.S.C.A. § 71, for failure to disclaim subject matter, "the invalidity of which is apparent on the face of the patent." In view of the long recognition and judicial approval of the patent we find that the point is not made out, and that there is not a strong enough showing that the controverted claim, No. 10, is invalid and that its invalidity invalidates the patent under the statute. Ensten v. Simon Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453; Excelsior Steel Furnace Co. v. Williamson Heater Co., 6 Cir., 269 F. 614; Cf. Maytag Co. v. Hurley Co., 307 U.S. 243, 57 S.Ct. 857, 81 L.Ed. 1264.

 On the record before us we find the Sutherland patent, No. 1,539,701, to be valid.

 The appellees contend that the Sutherland patent, if valid, cannot be enforced against them because of "the improper use to which it has been put by appellant, to create a limited monopoly in an article of commerce which is not the thing patented." As to the method in which the patent was being used the court below found that Novadel-Agene Corporation had not granted licenses to any miller without selling that miller its product, and that it did not change that method of doing business until after the filing of the suit against Penn when it sent out letters and advertised in trade journals that it would issue licenses without purchase from it of the product. These findings are supported by the evidence in the record. The court, however, having found that the patents were invalid, did not rest decision upon these findings.

 The "improper use" or "unclean hands" doctrine was clearly stated by the Supreme Court in Carbice Corporation of America v. American Patents Development Corporation, 283 U.S. 27, 31, 51 S.Ct. 334, 335, 75 L.Ed. 819, where it was held that a patent owner may not "exact as the condition of a license that unpatented materials used in connection with the invention shall be purchased only from the licensor; and if it does so, relief against one who supplies such unpatented materials will be denied." To the same effect is Leitch Mfg. Co. v. Barber Co., 302 U.S. 458, 58 S.Ct. 288, 82 L.Ed. 371; Philad Co. v. Lechler Labs, 2 Cir., 107 F.2d 747; B. B. Chemical Co. v. Ellis, 1 Cir., 117 F.2d 829; American Lecithin Co. v. Warfield Co., 7 Cir., 105 F.2d 207; Slayter & Co. v. Stebbins-Anderson Co., D.C., 31 F.Supp. 96, affirmed 4 Cir., 117 F.2d 848.

 Improper use does not invalidate a patent, but the courts will not assist an of-

fending patent owner against persons who infringe the patent while such improper practices continue. Improper use does not vest an infringer with a license for the life of the patent, for if a patent owner purges himself of the improper business practices he may then enforce his patent and recover damages for infringement occurring thereafter. B. B. Chemical Co. v. Ellis, D.C. 32 F.Supp. 690, affirmed 1 Cir., 117 F.2d 829, concurring opinion, 835; American Lecithin Co. v. Warfield Co., D.C., 23 F.Supp. 326, affirmed 7 Cir., 105 F.2d 207; Celanese Corp. v. Ribbon Narrow Fabrics Co., D.C., 33 F.Supp. 137.

In view of our finding that the Sutherland patent is valid, the case will be remanded to the District Court for a hearing and determination of plaintiff's right to recovery in the light of the defense of monopolistic practices, and of the evidence as to those practices, their discontinuance, and the effect of that discontinuance.

As to the Kroeber patent, No.1,555,805, the judgment is affirmed. As to the Sutherland patent, No. 1,539,701, the judgment of invalidity is reversed, validity is found, and the cause is remanded for further proceedings in conformity with this opinion.