MOXIE NERVE FOOD CO. OF NEW ENGLAND v. MODOX CO. et al.

In re THATCHER.

(Circuit Court, D. Rhode Island.   March 13, 1908.)

No. 2,709.

PARTIES (§ 40*)—INTERVENTION—SUIT FOR UNFAIR COMPETITION.

In a suit for unfair competition in trade, consisting in part of the use by defendant of bottles for its product alleged to be similar in design to complainant's and calculated to deceive purchasers, the fact that the bottles used by defendant are of a patented design does not give the manufacturer and patentee any legal or equitable interest in the suit which entitles him to intervene.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 40.*]

In Equity.   Suit by the Moxie Nerve Food Company of New England against the Modox Company and others.   On demurrer to petition of Frederick B. Thatcher for leave to intervene and defend.   Demurrer sustained.

See, also, 162 Fed. 649, 89 C. C. A. 441.

Roberts & Mitchell and Robert I. Cushman, for complainants.
Charles A. Wilson and George H. Huddy, Jr., for respondents.

BROWN, District Judge.   The petitioner, a manufacturer of bottles upon which he holds a design patent, seeks to intervene and become a party defendant to the controversy between the Moxie Company and the Modox Company, which relates to unfair competition in trade and to imitation of complainant's trade dress.   Upon this issue it is immaterial whether the bottles used as a part of the trade dress are patented or unpatented.   While it may be true that an injunction against the Modox Company will deprive the petitioner of a customer for his bottles, he cannot be said to have any legal interest in the question whether the defendants are using these bottles as an instrument of deception.

Even if there are such differences between the bottles of the complainant and those manufactured and sold by the petitioner to the Modox Company as to make his bottles a proper subject of a design patent, yet, despite these differences, there is such a substantial gen-

---

eral resemblance as to make the patented bottles susceptible of use in connection with unlawful sales. Neither as a manufacturer nor patentee of glass bottles can the patentee confer upon the Modox Company any rights of imitation of complainant's goods. It would, moreover, be idle to inject into this case a controversy between the Moxie Company and this petitioner over the validity of a design patent upon the Modox bottle. As patentee, the petitioner stands no better than as a mere manufacturer or seller of glass bottles; and if he should be permitted to intervene, it would seem to follow, also, that all those who supply the Modox Company with parts of its package—the printers of labels, the vendors of caramel for coloring the contents of the bottles, etc.—would have a similar right to intervene on the ground of the threatened loss of a customer by an injunction against the Modox Company.

Whether the business of the Modox Company is legitimate, or an invasion of the rights of the Moxie Company, is a question solely of private right between the parties to this suit. The validity of the petitioner's patent is not involved; and the possibility or probability that the Modox Company, if not enjoined, may continue to purchase his bottles for use in the particular way which the complainant seeks to enjoin, gives him neither a legal nor equitable interest in the present controversy. No authority is cited which in any degree tends to support this position, and it seems contrary to principle.

The demurrer to the petition for leave to intervene is sustained.