## ROOT REFINING CO. v. UNIVERSAL OIL PRODUCTS CO.
### Nos. 6329–6332.

Circuit Court of Appeals, Third Circuit.
Dec. 13, 1937.

Arthur C. Denison, of Cleveland, Ohio, and J. Bernhard Thiess and Thorley Von Holst, both of Chicago, Ill., for appellant.

Thomas G. Haight, of Jersey City, N. J., and William F. Hall and Charles M. Thomas, both of Washington, D. C. (Ward & Gray, of Wilmington, Del., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

These are appeals from decrees of the District Court for the District of Delaware. Universal Oil Products Company, a South Dakota corporation, hereinafter referred to as the South Dakota Company, was the owner of the Dubbs and Egloff patents No. 1,392,629 and No. 1,537,593, respectively. On March 11, 1929, and July 7, 1931, it filed bills of complaint in which it alleged that these patents had been infringed by Root Refining Company, the appellant herein. On May 18, 1934, the District Court entered its decrees in which it sustained the validity of the patents in suit, found infringement, and awarded an injunction and an accounting of profits and damages. This court affirmed on June 26, 1935, Root Refining Co. v. Universal Oil Products Co., 3 Cir., 78 F.2d 991. Certiorari was denied, 296 U.S. 626, 56 S.Ct. 149, 80 L.Ed. 445. Our mandate issued October 31, 1935. On February 17, 1936, the Universal Oil Products Company, a Delaware corporation, hereinafter referred to as the Delaware Company, filed bills in the nature of supplemental bills praying that it be substituted as plaintiff in place and stead of the South Dakota Company with the benefit of all proceedings which had theretofore taken place in said causes. It offered in evidence written assignments dated January 14, 1936, of the Dubbs and Egloff patents from the South Dakota Company to the Delaware Company. The appellant set up by way of answer and amended answer that on January 1, 1932, prior to the trial in the District Court, the South Dakota Company had executed a contract whereby the entire monopoly under the patents and all beneficial interest were sold and transferred to the Delaware Company,

that by reason of this sale the Delaware Company became an indispensable party plaintiff, and since it was not made a party plaintiff the suits abated. It prayed that the decree be abated and moved to dissolve the injunctions. The District Court allowed the substitution of parties and denied the petition to abate and the motion to dissolve the injunctions.

That the contract of January 1, 1932, did not result in an absolute assignment of the property rights in the patents may be seen by an examination of the first paragraph of the contract which, so far as pertinent hereto, reads:

I. "The Old Company (sic. the South Dakota Company) hereby sells, assigns, conveys, transfers, sets over and delivers unto the New Company (sic. the Delaware Company) all the business, assets, property, good will, rights and privileges now owned by the Old Company and to which it is now or may hereafter become entitled, of every description, real, personal and mixed, tangible and intangible, wherever situated, excepting, however, therefrom (a) all Letters Patent issued by the United States of America or any other government or political division thereof and all pending applications for Letters Patent owned or controlled by the Old Company at the date hereof, (b) all the Old Company's right, title and interest in, to and under suits instituted by it for damages sustained by reason of infringement of any of its Letters Patent by whatsoever government issued, and all its right, title and interest in and to any and all claims or causes of action or accrued rights of action for past damages and profits including any and all causes of action for infringement of any of its patents, (c) all its right, title and interest in, to and under patent interference or annulment, revocation and opposition proceedings in the United States or elsewhere, (d) all existing license agreements under which the Old Company has granted rights in respect of Letters Patent owned by it (said license agreements being hereinafter sometimes called the License Agreements, and the licensees thereunder, listed in Schedule A annexed hereto, being hereinafter sometimes called the Present Licensees), (e) all accounts receivable, promissory notes and certificates of indebtedness from the Present Licensees now held by the Old Company, * * *."

Among other reservations, the South Dakota Company retained under the above-

recited exceptions the legal title to the patents in suit, the right to damages and profits for infringements, the right to all existing license agreements, and the right to grant in the future such licenses as should be made necessary by reason of existing licenses. Moreover, the 1932 contract contains clear evidence within its own borders that the parties did not intend to make a present transfer of the patents, for paragraph IV thereof provides that the patents be assigned as soon as all the existing licensees shall have agreed thereto. See Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923. We are impressed by the argument that if it had been intended to effect immediate assignment by the 1932 agreement, there would have been no need to provide for an assignment at some undetermined future date upon the fulfillment of certain conditions.

The learned District Judge made an exhaustive examination of the 1932 contract and came to the conclusion that prior to the 1936 assignment of the patents the South Dakota Company was the proper party to bring suit for infringement. We are in entire accord with his reasoning and conclusions. We find nothing in the record to convince us that the suits should have been abated.

The decrees of the District Court are affirmed.