## TINIUS OLSEN TESTING MACH. CO. v. BALDWIN–SOUTHWARK CORPORATION.

## BALDWIN–SOUTHWARK CORPORATION v. TINIUS OLSEN TESTING MACH. CO.

### Nos. 9963, 8359.

District Court, E. D. Pennsylvania.

Oct. 20, 1938.

Leon Edelson and Robert M. Barr, both of Philadelphia, Pa., for Tinius Olsen Testing Mach. Co.

William Clarke Mason, Morgan Lewis & Bockius, and Edward A. Hathaway, all of Philadelphia, Pa., and Clifton V. Edwards and Edwards, Bower & Pool, all of New York City, for Baldwin Southwark Corporation.

KIRKPATRICK, District Judge.

In a patent infringement case tried in this Court, Baldwin's patent No. 1,848,468, was adjudged valid and infringed by a machine manufactured by Olsen, which has been referred to as the New York State highway machine. The accounting was referred to a master, and in the course of it it developed that Olsen had manufactured and sold certain other machines, which need not be described beyond saying that they are in general the same type of machine as that held to infringe, but that they are not exactly the same in all particulars. Olsen filed this petition for a declaratory judgment requesting this Court to determine whether or not these machines infringe the patent. Meanwhile hearings before the master have been suspended.

There is no doubt that there is an actual controversy existing and that this Court has jurisdiction of this petition. The exercise of the Court's power, however, is discretionary, and in this case I can not find that any useful purpose would be served by adopting the declaratory judgment procedure to determine the questions raised, rather than allowing them to be determined in the usual course by the master and by the Court on exceptions.

There seem to be three main reasons why the petitioner thinks that the Court should exercise jurisdiction in its favor.

First, it wishes to produce new evidence of the prior art for the purpose of showing that these machines do not infringe. This it concedes it can not do before the master. But if the reasoning of the Court in Flat Slab Patents Company v. Turner, 8 Cir., 285 F. 257, be studied it will appear that the situation would be no different before the Court. Evidence of the prior art is relevant upon the scope and validity of the patent, but those issues have already been decided and are res adjudicata. The only question now before the Court is infringement, and that question must be determined entirely in the light of its decision in the original case.

Second, Olsen fears injury to its business by reason of the fact that Baldwin-Southwark is asserting in notices to customers its charge that these particular machines infringe. This is a situation which frequently arises in controversies of this kind. It may or may not be that Baldwin-Southwark is acting within its rights and in good faith, but I do not think its acts require this Court to adopt the procedure asked for.

Third, Olsen believes that it can get a speedier disposition of these questions by bringing them directly before the Court in this proceeding. There has been a great deal of delay in this case, largely due, I have no doubt, to mutual accommodation of counsel. If the parties or the master desire the Court to make a peremptory order expediting the hearings before the master the Court is ready to do so.

I do not think that any of the reasons stated justify taking this case out of the ordinary course. The petition may be dismissed.