**NATIONAL HAIRDRESSERS' & COSMETOLOGISTS' ASS'N, Inc., et al., v. PHILAD CO.**

Civil Action No. 249.

District Court, D. Delaware.

Jan. 12, 1943.

E. Ennals Berl (Southerland, Berl & Potter), of Wilmington, Del., for plaintiffs.

William H. Foulk, of Wilmington, Del., for defendant.

BIGGS, Circuit Judge.

The defendant has filed a motion to dismiss the amended complaint and contends that there are three reasons for doing so.

■ It alleges that the plaintiff, The National Hairdressers' & Cosmetologists' Association, Inc., is without capacity to sue. The defendant relies on the decision of this court in National Hairdressers' & Cosmetologists' Ass'n v. Philad Co., D.C., 41 F.Supp. 701, 708, affirmed 3 Cir., 129 F.2d 1020, wherein it was stated that an examination of the constitution and by-laws of National showed that it did not possess the capacity to bring suit in a representative capacity. In the instant case National asserts that its members, comprising the class defined in the amended complaint, " * * * have designated it as their representative for the purpose of this action." This pleading differs substantially from that contained in the amended complaint in the first action, that at No. 155. The amended complaint at No. 155 states merely that: "Plaintiff National is an association having as members some five thousand hairdressing shops and beauty parlors throughout the United States and conducts activities for the promotion and protection of the common business interests of its members and their profession." The allegation in the amended complaint in the case at bar that the members of National comprising the class defined in the amended complaint have designated it as their representative for the purpose of the action is ambiguous, but the phrase used can mean that National had succeeded to the rights of some of its individual members. If this be the case National has the right to maintain the suit. The defendant can ascertain the exact nature and extent of this representation by the methods of discovery made available under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. I shall therefore not dismiss the action as to National at the present time upon the ground asserted in the first paragraph of the motion.

■■ The second ground for dismissal asserted by the motion is that the amended complaint fails to state a claim against the defendant on which relief can be predicated under the Declaratory Judgments Act, Judicial Code § 274d, 28 U.S.C.A. § 400. The right of an alleged infringer of a patent to obtain a declaratory judgment that the defendant's patent is invalid, or that, if valid, plaintiff is not infringing it, is well settled. Zenie Bros. v. Miskend, D.C., 10 F.Supp. 779, 781; Borchard, Declaratory Judgments 804. The defendant has threatened to sue and has sued many members of National such as Deutsch and those situated like unto Deutsch. Deutsch therefore has the right to maintain the suit in his own behalf and in a representative capacity.

■ National has alleged itself to be both a direct and contributory infringer and, if the patent be valid, might perhaps be sued as such. The defendant, however, so far as this record shows, has never asserted that National is an infringer and has not threatened National with suit. It follows that National as a direct or contributory infringer cannot maintain an action on the pleading as now constituted an action under the Declaratory Judgments Act. See Thermo-Plastics Corp. v. International P. Corp., 45 F.Supp. 408, and the decision of this court by Leahy, J., in Dewey & Almy Chemical Co. v. American Anode, Inc., D.C., 47 F.Supp. 921. If the defendant had sent Exhibit A or Exhibit B or any similar notice to National, I should hold that there was a justiciable controversy between National and the defendant under the ruling of the Circuit Court of Appeals for this Circuit in Treemond Co. v. Schering Corporation, 3 Cir., 122 F.2d 702. The amended complaint contains no allegations, however, which would make the Treemond case applicable.

■ The third and last point raised by the motion asserts that the amended complaint fails to state a claim against the defendant upon which relief can be granted in a class action under Rule 23(a) (3) of the Rules of Civil Precedure, 28 U.S.C.A. following section 723c. The defendant contends that the class which Deutsch seeks to represent were not actually in being at the time the suit was filed. This contention cannot be sustained. This court held in

National Hairdressers' & Cosmetologists' Ass'n v. Philad Co., supra, on allegations of the complaint made by Fred, The Hair Stylist, Inc., that Fred, who was situated like unto Deutsch, was entitled to represent and did represent certain persons who were members of National and which composed a class which was defined in the final decree. Here, as in that case, the class of persons who may benefit by a decree, is definite, though individuals may remove themselves from the class by procuring a license under the patent or in other ways. I think that the defendant's objection really is not that the class is undefined but that it will not be limited unless and until a final decree is entered. It follows that this contention must fall.

The motion to dismiss will be denied.

An order may be submitted.