ARALAC, Inc. v. HAT CORPORATION OF AMERICA.

No. 9184.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 16, 1946.

Decided Feb. 10, 1948.

Worthington Campbell, of New York City (Southerland, Berl & Potter and William S. Potter, all of Wilmington, Del., and Campbell, Brumbaugh & Free and Mark N. Donohue, all of New York City, on the brief), for appellant.

Drury W. Cooper, of New York City (John N. Cooper and Bertram F. Shipman, both of New York City, and C. S. Layton, of Wilmington, Del., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and MURPHY, District Judge.

MURPHY, District Judge.

This is an appeal from the United States District Court for the District of Delaware in an action instituted by Aralac, Inc., a Delaware Corporation, for a declaratory judgment, Judicial Code, Section 274d, 28 U.S.C.A. § 400, of invalidity of United

States Letters Patent No. 2,322,254 and Claims 15, 16, 17 and 18 of United States Letters Patent No. 2,322,255, owned by Hat Corporation of America, a Delaware Corporation, Defendant-Appellee.

The District Court held there was no controversy over which the court had jurisdiction and dismissed the complaint before answer on defendant's motion.[1]

The complaint[2] avers that plaintiff for years manufactured and sold casein fiber to fur felt hat manufacturers and to others. Hat Manufacturers use casein fiber as a substitute for a portion of animal fur in the mixture subjected to the felting process to make material for fur felt hat bodies and hats.

Defendant asserted directly to some of plaintiff's hat manufacturing customers and prospective customers that defendant's patents encompass the use of casein fiber in such manufacture. Defendant circularized the hat trade among which were many present and prospective purchasers of plaintiff's fibers informing the hat trade of the claims of defendant's patents and that unauthorized use of such fibers would constitute infringement of said patents.

One of plaintiff's largest customers, John B. Stetson Co., was charged with infringement. After commencing a declaratory

judgment to question defendant's patent, Stetson discontinued its suit. Later Stetson, and one other customer, obtained a license from defendant to use the process covered by its patent.

Plaintiff charges defendant proposed by its patents to control the use of casein fiber in hat manufacture and that defendant submitted to the hat trade a form of a proposed agreement of license to operate under defendant's patent rights.

Plaintiff claims that because of defendant's course of conduct of intimidation many hat manufacturers fear infringement suits, others refuse to pay royalties, others are uncertain as to their rights and obligations, and as a result there has been a substantial reduction and, in many instances, a discontinuance or refusal to purchase plaintiff's fibers, causing plaintiff serious financial loss. Plaintiff sought a declaratory judgment of invalidity and an injunction restraining defendant from "bringing or prosecuting or threatening to prosecute any suit charging infringement * * * against plaintiff or any purchaser or user of casein fiber in the manufacture of fur felt hats."

The complaint averred that defendant's patents are invalid and that "no valid claim thereof is infringed by the manufacture, use or sale of hats made by its customers or

[1] Aralac, Inc., v. Hat Corporation of America, D.C.Del.1946, 64 F.Supp. 696.

[2] For the purpose of a motion to dismiss all the well pleaded allegations of the bill must be accepted as true. John B. Kelly Inc. v. Lehigh Navigation Coal Co., Inc., 3 Cir., 1945, 151 F.2d 743; Douglas v. City of Jeannette, 3 Cir., 1942, 130 F.2d 652; Mosher v. City of Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L. Ed. 148; Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 7 Cir., 123 F.2d 518; Consolidation Coal Co. v. Martin, 6 Cir., 113 F.2d 813; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166.

A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. Rule 10(c), Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Fisher Iron & Steel Co. v. Elgin, J. & E. Ry. Co., 7 Cir. 1939, 101 F.2d 373; Peoples Natural Gas Co. v. Federal Power Commission, 1942, 75 U.S.App.D.C. 235, 127 F.2d 153, certiorari denied, 1942, 316 U.S.

700, 62 S.Ct. 1298, 86 L.Ed. 1769; Simmons v. Peavy-Welsh Lumber Co., 5 Cir. 1940, 113 F.2d 812, certiorari denied, 1940, 311 U.S. 685, 61 S.Ct. 63, 85 L.Ed. 442.

On a motion to dismiss affidavits may be employed. Boro Hall Corp. v. General Motors Corp., 2 Cir., 1942, 124 F. 2d 822, certiorari denied 317 U.S. 695, 63 S.Ct. 436, 87 L.Ed. 556; Central Mexico Light & Power Co. v. Munch, 2 Cir., 1940, 116 F.2d 85, 87; Cohen v. American Window Glass Co., 2 Cir., 1942, 126 F.2d 111; also Gallup v. Caldwell, 3 Cir., 1941, 120 F.2d 90, 92; see also Farrall v. District of Columbia Amateur Athletic Union, 80 U.S.App.D.C. 396, 153 F.2d 647.

That no substantial Federal question is presented is ground for motion to dismiss. Gilstrap v. Standard Oil Co., 9 Cir., 1940, 108 F.2d 736; Jones v. Brush, 9 Cir., 1944, 143 F.2d 733; Crowell v. Baker Oil Tools, 9 Cir., 1944, 143 F.2d 1003.

by the use by its customers of any method used in connection therewith."

The complaint contains no specific averment as to any infringement or lack thereof by plaintiff and no prayer for judgment that it is not a contributory infringer.[3]

Whether a person is aggrieved or not by the act of another depends upon the nature of the act complained of and the manner in which it will affect the complainant. Substantive law must recognize plaintiff's privilege before procedure affords him an opportunity of vindicating his claim in the courts. The person raising the question of invalidity must have a legal interest to justify the grant of judicial relief. More particularly the court must in each case determine whether plaintiff has demonstrated the necessary "legal interest" in the declaration. Are the legal rights shown by the facts asserted such as to require judicial determination?

■ In form the Declaratory Judgment Act differs in no essential respect from any other action. The conditions of the usual action, procedural and substantive, must always be present, namely, the competence or jurisdiction of the court over the parties and subject matter, the existence of the operative facts justifying the judicial declaration of legal consequences, the assertion against an interested party of rights capable of judicial protection, and a sufficient legal interest in the moving party to entitle him to invoke a judgment in his behalf.

■ Legal rights may only be adjudicated under the Act precisely as only legal rights may be adjudicated in any other form of civil action. Samuel Goldwyn Inc., v. United Artists Corp., 3 Cir., 1940, 113 F.2d 703, at page 707. The controversy must be one that is appropriate for judicial determination. Alfred Hofmann v. Knitting Machines Corp., 3 Cir., 1941, 123 F.2d 458, at page 460.

■ "The requirements of case or controversy are of course no less strict under the Declaratory Judgment Act * * * than in case of other suits." Altvater v. Freeman, 319 U.S. 359, at page 363, 63 S. Ct. 1115, 1118, 87 L.Ed. 1450.

■ The question is whether plaintiff's allegations are sufficient to entitle it to the declaratory relief prayed in its complaint.[4] This raises the question whether there is an "actual controversy" within the meaning of the Declaratory Judgment Act, since the District Court is without power to grant declaratory relief unless such controversy exists. Nashville C. & St. L. Ry. Co. v. Wallace, 288 U.S. 249, 259, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191; U.S.C. A.Constitution, Art. III, Section 2; Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, at page 272, 61 S.Ct. 510, 85 L.Ed. 826; Coffman v. Breeze Corporations, Inc., 323 U.S. 316, 324, 65 S.Ct. 298, 89 L.Ed. 264.

■ The existence of a justiciable controversy is to be determined by the decisions of the Federal Courts. Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 1943, 137 F.2d 68; Chicago Pneumatic Tool Co. v. Ziegler, 3 Cir., 1945, 151 F.2d 784, at page 788.

---

[3] But see Federal Rules of Civil Procedure, rule 54(c), 28 U.S.C.A. following Section 723c.

[4] Jurisdiction is determined by the allegations of the bill and not by the way facts turn out or by a decision on the merits. Mosher v. City of Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148; Iselin v. La Coste, 5 Cir., 1945, 147 F.2d 791; Douglas v. City of Jeannette, 3 Cir., 1942, 130 F.2d 652. Plaintiff must show in the first instance a justiciable controversy was properly pleaded. Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U.S. 282, 285, 22 S.Ct. 681, 682, 46 L.Ed. 910. A mere averment that a case is brought under the Declaratory Judgment Act is not sufficient.

Commercial Casualty Ins. Co. v. Fowles, 9 Cir., 1946, 154 F.2d 884, 885, 165 A. L.R. 1068; cf. Hull v. Burr, 234 U.S. 712, 720, 34 S.Ct. 892, 58 L.Ed. 1587; Norton v. Whiteside, 239 U.S. 144, at page 147, 36 S.Ct. 97, 60 L.Ed. 186. The court must raise the objection of its own motion if it is not otherwise presented. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Central Mexico Light & Power Co. v. Munch, 2 Cir., 1940, 116 F.2d 85. If There is no dispute or controversy within the jurisdiction of the court the court should not enter judgment on the merits but dismiss for want of jurisdiction. Leaver v. Parker, 9 Cir., 1941, 121 F.2d 738.

██ This court has emphasized that the Act should have a liberal interpretation bearing in mind its remedial character and the legislative purpose. Alfred Hofmann v. Knitting Machines Corp., supra; Treemond Co. v. Schering Corp., 3 Cir., 1941, 122 F.2d 702; Dewey & Almy Chemical Co. v. American Anode, Inc., supra, certiorari denied 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454.

██ "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. * * *" Maryland Casualty Co. v. Pacific Coal & Oil Co., supra, 312 U.S. 273, 61 S.Ct. 512, 85 L.Ed. 826. See Creamery Package Mfg. Co. v. Cherry-Burrell Corp., 3 Cir., 1940, 115 F.2d 980, 983.

██ "The operation of the Declaratory Judgment Act is procedural only." Hughes, C. J. in Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 241, 57 S.Ct. 461, 463, 81 L.Ed. 617, 108 A.L.R. 1000.

"It is an axiom that the Declaratory Judgment Act has not enlarged the jurisdiction of the courts over subject-matter and parties." Borchard Declaratory Judgments, 2d Ed. p. 233.

██ The Act created no new rights but introduced an additional remedy of inestimable value for the determination of an already existing right. Cover v. Schwartz, 2 Cir., 1942, 133 F.2d 541, at page 544. It modified the law only as to procedure and though the right to such relief has been in some cases inherent the statute extended greatly the situations under which such relief may be claimed. A new opportunity for relief is thus afforded, i. e., new legal interests are recognized and protected. No new substantive rights were however created. The controversy is the same as previously.[5]

There being no diversity of citizenship, it is apparent that if jurisdiction is to be found in this case it must be by reason of the provisions of the Judicial Code, Section 24(7), 28 U.S.C.A. § 41(7), which confers jurisdiction upon the Federal Courts "of all suits at law or in equity arising under the patent * * * laws."[6]

██ To constitute a case or controversy under the patent laws the plaintiff must set up some "right, title, or interest under the patent laws, or, at least, make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws." Pratt v. Paris Gas Light & Coke Co., 1897, 168 U.S. 255, at page 259, 18 S.Ct. 62, 64, 42 L.Ed. 458; Odell v. F. C. Farnsworth Co., 1919, 250 U.S. 501, 39 S.Ct. 516, 63 L.Ed. 1111; Dickinson Tire & Machine Co. v. Dickinson et al., 2 Cir., 1928, 29 F.2d 493.[7]

██ Prior to the passage of the Federal Declaratory Judgment Act the patentee was the only one in a position to initiate a suit against the alleged infringer or his dealers.[8] An alleged infringer could not sue the patentee for a declaration that the

---

[5] E. Edelman & Co. v. Triple-A Specialty Co., 7 Cir., 1937, 88 F.2d 852, at page 854; Milwaukee Gas Specialty Co. v. Mercoid Corp., 7 Cir., 1939, 104 F.2d 589, 591; Sinclair Refining Co. v. Burroughs, 10 Cir., 1943, 133 F.2d 536; McCarty v. Hollis, 10 Cir., 1941, 120 F.2d 540; Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223; Doehler Metal Furniture Co., Inc., v. Warren, 76 U.S.App.D.C. 60, 129 F.2d 43, 45, 46, certiorari denied 317 U.S. 663, 63 S.Ct. 64, 87 L.Ed. 533; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 1937, 92 F.2d 321; Chicago Pneumatic Tool Co. v. Ziegler, 3 Cir., 1944, 151 F.2d 784, 788.

[6] See Measurements Corp. v. Ferris Instrument Corp., 3 Cir., 1947, 159 F.2d 590, 594; Lion Manufacturing Corp. v. Chicago Flexible Shaft Co., 7 Cir., 1939, 106 F.2d 930, 932, 933.

[7] For a discussion of causes of action under the Patent Laws cognizable in Federal Courts see 3 Walker on Patents, Dellers Ed., Section 410.

[8] This situation and the possible abuses thereunder are discussed in Borchard Id. p. 803; 3 Moore's Federal Practice,

plaintiff was not infringing or that the patent was invalid. Today the alleged infringer, once he is threatened by a patentee, has a remedy by a complaint for a declaratory judgment. Now the controversy between the parties as to whether infringement exists is in either instance essentially one arising under the Patent Laws.[9]

The patentee "now, by making threats and charges, exposes himself to an action at the hands of the alleged infringer for a declaratory judgment that the defendant's patent is invalid or, if valid, that the plaintiff is not infringing. By making charges, the patentee submits to an adjudication at the option of the alleged infringer." Borchard Id. p. 804.

In Treemond Co. v. Schering Corp., supra, 122 F.2d at page 705, we said, "There can be no doubt that an 'actual controversy' does not exist until the patentee makes some claim that his patent is being infringed."

"Actual manufacture, use or sale ought not to be essential. * * * It ought to suffice that the party charged is about to infringe or take some action which is prejudicial to the interests of the patentee, and that he is then charged and put on notice that his action is attacked as infringement, present or prospective." Borchard Id. p. 807.

"* * * the allegation and proof by a vendor that it is engaged in a course of conduct, the sale of machinery, which has brought and must bring purchasers from it into conflict with the owner of the patent, is sufficient to support a suit for a declaratory judgment by the vendor." Alfred Hofmann, Inc., v. Knitting Machines Corp. et al., supra, 123 F.2d at page 461. See

Crowell v. Baker Oil Tools, 9 Cir., 1944, 143 F.2d 1003.

In Dewey & Almy Chemical Co. v. American Anode, Inc., supra, 137 F.2d at page 70, referring to Treemond Co. v. Schering Corp., supra, we stated, " * * * this statement should be qualified so as to admit the possibility of declaratory judgment where the patentee has claimed that the manufacture of a certain product or the practising of a certain process would constitute an infringement and a person who is about to engage in such alleged infringing conduct seeks a declaration of his right to do so."

What is the nature of the claim that must be made by the patentee? In this connection see Treemond Co. v. Schering Corp., supra, and Girdler Corp. v. E. I. Du Pont De Nemours & Co., D.C.Del.1944, 56 F.Supp. 871, where the various possible kinds of claims and assertions are discussed and cases cited.

As to the process covered by defendant's patents, in the present case there was a charge of infringement made as to Stetson, notice of the claims of the patents to other purchasers and prospective purchasers of defendant's fibers; and notice to the hat trade of the scope claimed for defendant's patents.

The claim need not be formally asserted; it is not necessary that notice be given directly to the plaintiff or that any threat be made to sue the plaintiff. Dewey & Almy Chemical Co. v. American Anode, Inc., supra; E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105; Treemond Co. v. Schering Corp., supra, 122 F.2d at page 705; Borchard Id. 807; Crowell v. Baker Oil Tools, supra. Notice to

---

1938 Ed. p. 3212; Treemond Co. v. Schering Corp., 3 Cir., 122 F.2d at pages 703, 704; Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 137 F.2d at page 69; Grip Nut Co. v. Sharp, 7 Cir., 1941, 124 F.2d 814, 815; Lances v. Letz, 2 Cir., 1940, 115 F.2d 916; Price-Hollister Co. v. Warford Corp., D.C.N.Y., 18 F.2d 129, 130.

9 National Hairdressers' & Cosmetologists' Ass'n, Inc., v. Philad Co., D.C. Del., 3 F.R.D. 199, Biggs, C.J.; Edelman & Co. v. Triple-A Specialty Co.; supra, 7 Cir., 88 F.2d at page 854; Chicago Metallic Manufacturing Co. v. Ed. Katzinger Co., 7 Cir., 1941, 123 F.2d 518, at page 520; Grip Nut Co. v. Sharp, supra, 7 Cir., 124 F.2d at page, 815; E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 1939, 102 F.2d 105, 108; Milwaukee Gas Specialty Co. v. Mercoid Corp., supra, 7 Cir., 104 F.2d at page 592; Treemond Co. v. Schering Corp., supra, 3 Cir., 122 F.2d at page 704; Dewey & Almy Chemical Co. v. American Anode, Inc., supra, 3 Cir., 137 F.2d at page 69; Crosley Corp. v. Hazeltine Corp., 3 Cir., 1941, 122 F.2d 925.

plaintiff's customers is sufficient. Treemond Co. v. Schering Corp., supra; Duro Test Corp. v. Welsbach Street Lighting Co., D.C.Del., 21 F.Supp. 260; B. F. Goodrich Co. v. American Lakes Paper Co., D.C.Del., 23 F.Supp. 682; Tinius Olsen Testing Machine Co. v. Baldwin-Southwork Corp., D.C.Pa., 25 F.Supp. 885 (for other reasons refused to exercise jurisdiction).

Notice in trade journal is sufficient. Treemond Co. v. Schering Corp., supra, 122 F.2d at page 705; E. W. Bliss Co. v. Cold Metal Process Co., supra; E. Edelman & Co. v. Triple-A Specialty Co., 7 Cir., 1937, 88 F.2d 852; Girdler Corp. v. E. I. Du Pont De Nemours & Co., supra.

■ When the patent owner makes his position clear with respect to a manufacturer's customer, and the manufacturer finds his business affected by such assertions, the manufacturer may then bring an action for declaratory judgment relief.

"The fact that a patentee's claim of infringement is a condition precedent of this type of action places the matter of adjudication of the patent within control of the patentee, for, if he wishes to avoid adjudication, he can refrain from making charges of infringement. But having made the charge, he then exposes himself to adjudication * * *. It requires an assertion of right under the patent to place the alleged infringer in gear to join issue and challenge the title." Borchard Id. p. 807; see Id. p. 43; see National Hairdressers' & Cosmetologists' Ass'n v. Philad Co., 3 F.R.D. 199; Thermo-Plastics Corp. v. International Pulverizing Corp., D.C., 42 F. Supp. 408; Engler v. General Electric Co., D.C., 29 F.Supp. 421.

■ In this case however there has never been a charge of infringement made by defendant against plaintiff or any of plaintiff's customers or prospective customers by notice, threat or suit as to the sale or purchase of casein fiber or against casein fiber as such, but a claim that the purchasers of plaintiff's fibers were, by using the process encompassed by defendant's patents, performing an act of infringement. Plaintiff was never charged with doing anything by way of direct or contributory infringement. In the cases referred to throughout this opinion the notice to the trade and to the customers was as to the very article which the plaintiff manufactured or sold.

The charges of infringement under defendant's patents have been against a product and a process with which plaintiff has had no connection. The invention covered by the patents is not per se for casein fiber but covers the process of combining such fibers with fur fibers to form hats or hat materials. In fact casein fiber and the preparation thereof are expressly disclaimed from any inclusion in the claims of the patents (see Patent No. 2,322,254, page 2, 2d column, lines 24-27; Patent No. 2,322,255, page 2, 2d column, lines 72-75, page 3, 1st column, lines 1 to 9).

Plaintiff has the right to have that which it lawfully produces freely bought and sold without restraint or interference. It is a right which attaches to its product, to a particular thing—as an article of commerce—and it continues only so long as the commodity to which the right applies retains its separate identity. If in the course of trade that commodity is combined with other things in the process of the manufacture of a new commodity, the trade right in the original part as an article of commerce is necessarily gone. So that if other persons become manufacturers on their own behalf, assembling the various elements and uniting them so as to produce hats or hat bodies, a new article, it is manifest plaintiff cannot by reason of its mere right to make and sell, and the fact of its having made and sold casein fibers to the manufacturers of the new article, satisfy the legal requirement that it has sufficient legal interest in any claim arising under the patent laws, enabling it by declaratory judgment to challenge the validity of the defendant's patent, where no charge of infringement has been made against the product sold by plaintiff but against a process with which plaintiff has had no connection. Cf. Rubber Tire Wheel Co. v. Goodyear Tire & Rubber Co., 1914, 232 U.S. 413, 34 S.Ct. 403, 58 L.Ed. 663.

Plaintiff could demand protection of its right to sell the casein fiber it produced. It has no right to demand that others be allowed to practice the patented process in

violation of the patent monoply in order that it might have a market for its fibers.

Angier et al. v. Anaconda Wire & Cable Co., D.C.Del., 48 F.2d 612, 613, an infringement action as to patent for "Improvement in Packages", one element of which was crepe paper. The manufacturer which supplied the patentee with crepe paper sought to intervene as party defendant. Intervention was denied on the ground that petitioner had no interest in the patent litigation to justify permitting it to become a party. Interest as used in this rule means a legal interest. "The petitioner has, if any, only a commercial interest in this litigation, and even that interest is dependent upon the continuance of business relations between the petitioner and the defendant which so far as this record shows, may be terminated at any time. * * * Moxie Nerve Food Co. of New England v. Modox Co., C.C., 179 F. 415." Id., 48 F.2d at page 613.

Defendant argues, "Furthermore, equity would decline to entertain a suit for infringement by Hat Corporation against plaintiff should it attempt to assert domination over the sale of casein fibers and thereby extend its monopoly to unpatented products." Citing Morton Salt Co. v. G. S. Suppiger Co., 1942, 314 U.S. 488, 491, 62

S.Ct. 402, 86 L.Ed. 363; B. B. Chemical Co. v. Ellis, 1942, 314 U.S. 495, 498, 62 S. Ct. 406, 86 L.Ed. 367, and Mercoid Corp. v. Mid-Continent Inv. Co., 1944, 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376.

Plaintiff asserts that by the foregoing defendant contends, by reason of those cases, defendant would be unable to maintain an action against plaintiff for contributory infringement because of plaintiff's sale of casein fibers to infringers; that defendant contends those cases have abolished contributory infringement from the law of patents.

In reply plaintiff argues defendant does not make or sell casein fibers (defendant being in fact a customer of plaintiff) and hence is not a competitor of plaintiff; and that these cases do not hold as contended; that there is nothing in those cases which hold that "straight" contributory infringement free from any question of misuse of a patent is no longer in the law of patents. We do not herein express any opinion as to how much of the doctrine of contributory infringement remains. This is an interesting question upon which we reserve opinion until that question is squarely before us.[10]

We assume arguendo that casein fibers are a standard article of commerce capable

---

[10] The owner of a process patent may not by suit for contributory infringement supress competition in the sale of unpatented material to be used in practicing the process. Leitch Mfg. Co. v. Barber Co., 302 U.S. 458 at page 463, 58 S.Ct. 288, 82 L.Ed. 371.

See Ibid, 302 U.S. at page 463, 58 S. Ct. at page 290, 82 L.Ed. 371, referring to Carbice Corp. v. American Patents Development Corp., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819, "By the rule there declared every use of a patent as a means of obtaining a limited monopoly of unpatented material is prohibited. It applies whether the patent be for a machine, a product, or a process. It applies whatever the nature of the device by which the owner of the patent seeks to effect such unauthorized extention of the monopoly." J. C. Ferguson Manufacturing Works v. American Lecithin Co., 1 Cir., 1938, 94 F.2d 729, at page 731, certiorari denied 304 U.S. 573, 58 S.Ct. 1042, 82 L.Ed. 1537, "Broad expressions as to contributory infringe-

ment used in earlier cases * * * must now be read with the Carbice and Leitch Cases in mind." Mercoid Corp. v. Minneapolis-Honeywell Regulator Co., 1944, 320 U.S. 680, 64 S.Ct. 278, 88 L. Ed. 396; Girdler Corp. v. E. I. Du Pont De Nemours & Co., D.C.Del. 1944, 56 F. Supp. 871; Chicago Pneumatic Tool Co. v. Hughes Tool Co., D.C.Del.1945, 61 F.Supp. 767, affirmed 3 Cir., 156 F.2d 981; Detroit Lubricator Co. v. Toussaint, D.C.N.D.Ill., 1944, 57 F.Supp. 837, at page 838; Landis Machinery Co. v. Chaso Tool Co., Inc., 6 Cir., 1944, 141 F.2d 800, 801; Philad Co. v. Lechler Laboratories, 2 Cir., 1939, 107 F.2d 747, 748; Stokes & Smith Co. v. Transparent-Wrap Mach. Corp., 2 Cir., 1946, 156 F.2d 198, at page 201, reversed on other grounds in 329 U.S. 637, 67 S.Ct. 610; Patent Infringement and the Public Interest— the Mercoid cases, 12 George Washington L.Rev. 360; Patents—Contributory Infringement—Effect of Anti Trust Acts, 44 Col.L.Rev. 447; International Salt Co., Inc. v. United States, 68 S.Ct. 12.

of various uses.[11] Plaintiff sold to hat manufacturers and to others.

■ Our view is that it is not necessary to decide what if any effect those cases have on the law of contributory infringement for the reason that long prior to those decisions it was and still is the law that the sale of an article of commerce of ordinary use without relation to any apparatus does not make the manufacturer guilty of contributory infringement if the buyer later makes use of the article in an infringing apparatus. Walker on Patents, Dellers Ed., Section 508, p. 1768; Duplex Envelope Co. Inc., v. Denominational Envelope Co., 4 Cir., 1935, 80 F.2d 179, at page 182. "* * * soya bean meal and soya bean flour are standard articles of commerce; and being such a sale thereof may not be enjoined." Charles H. Lilly Co. v. I. F. Laucks, Inc., 9 Cir., 1933, 68 F.2d 175, at page 188, certiorari denied 293 U.S. 573, 55 S.Ct. 84, 79 L.Ed. 671. Cf. Miller v. Electro Bleaching Gas Co., 8 Cir., 1921, 276 F. 379, 382. Cf. American Safety Razor Corp. v. Frings Bros. Co., 3 Cir., 1932 62 F.2d 416; Payne v. Dickinson, 3 Cir., 1940, 109 F.2d 52; Autographic Register Co. v. Sturgis Register Co., 6 Cir., 1940, 110 F.2d 883.

■ Where a person is not engaged in possible infringing conduct and with no intention of doing so, he lacks an interest in a controversy to support an action for declaratory judgment relief to test the validity of a patent. Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 137 F.2d 68, 70, certiorari denied 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454; Zachs v. Aronson, D.C.Conn. 49 F.Supp. 696, 697.

"The holder of a patent has no dispute with a person who is not infringing or threatening to infringe." Cover v. Schwartz, 2 Cir., 1942, 133 F.2d 541, at page 545.

Plaintiff argues that assuming the absence of infringement, direct or contributory, since plaintiff's loss of business resulted from defendant's course of conduct, a justiciable controversy was present.[12]

■ An economic interest is not enough to create justiciability. Borchard Id. p. 53; Ex-Cell-O Corp. v. City of Chicago et al., 7 Cir., 1940, 115 F.2d 627.[13] Plaintiff must have a protectible interest, Wilder v. Doe, 3 Cir., 1940, 109 F.2d 1023, affirming D.C., 30 F.Supp. 869; and an adequate interest. Fairchild v. Hughes, 1922, 258 U. S. 126, 42 S.Ct. 274, 66 L.Ed. 499; Frothingham v. Mellon, 1923, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078.

"The plaintiff's controversy is only with those who claim interests under the patent, in hostility to the plaintiff's claim of right to manufacture and sell competing articles." Silvray Lighting, Inc., v. Versen, D.C., 25 F.Supp. 223, 224.

We agree with the lower court that if plaintiff has any claim against defendant it would be based on unfair competition. We do not mean to be understood as indicating our opinion that any such claim however exists under the facts before us. There being no suit arising out of the patent laws, and no diversity of citizenship and no federal question involved, such a suit must be brought in the state courts.

■ "A suit for damages to business caused by a threat to sue under the patent law is not itself a suit under the patent law. And the same is true when the damage is caused by a statement of fact,—that the defendant has a patent which is infringed. What makes the defendants' act a wrong is its manifest tendency to injure the plaintiff's business; and the wrong is the same whatever the means by which it is accomplished. But whether it is a wrong or not depends upon the law of the State where the act is done, not upon the patent law, and therefore the suit arises under the law of the state. * * * The fact that the justification may involve the validity and infringement of a patent is no more material to the question under what law the suit is brought than it would be

---

[11] *Casein and Its Industrial Applications*, Sutermeister & Browne, pages 215–220, copyright 1939.

[12] Cases cited, footnote 8.

[13] While agreeing with the statement of the legal principle in this case, Borchard Id. did not agree as to its application in the Ex-Cell-O case.

in an action of contract." Holmes J. in American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 586, 60 L.Ed. 987.

Even though a patent is collaterally involved, this does not mean that such an action arises under the patent laws. See Wade v. Lawder, 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 851; Dale Tile Mfg. Co. v. Hyatt, 125 U.S. 46, 8 S.Ct. 756, 31 L.Ed. 683; MacGregor v. Westinghouse Electric & Mfg. Co., D.C., 45 F.Supp. 236, affirmed 3 Cir., 130 F.2d 870 c. 5; see also Measurements Corp. v. Ferris Instrument Corp., supra.

See E. Edelman & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852, 853, 854. A prayer for damages because of circulation of charges of infringement among dealers and potential customers stamps the suit as one to enforce a common-law remedy, viz., recovery of damages for unfair competition.

Plaintiff cites several cases, none of which we feel support his claim. In Water Hammer Arrester Corp. v. Tower, Jr., D.C.E.D.Wis., 66 F.Supp. 732, and Mitchell & Weber, Inc., v. Williamsbridge Mills, Inc., D.C., 14 F.Supp. 954, defendant had charged plaintiff before suit with infringement. Defendant's statement after action brought that plaintiff did not infringe could not deprive plaintiff of declaratory judgment relief. Here there was no charge of infringement as to plaintiff's product.

In A. L. Smith Iron Co. v. Dickson, 2 Cir., 1944, 141 F.2d 3, there was a direct threat against plaintiff, whose customers used the bands in the only way they were useful. There was no attempt on appeal to support the position that the patent prevented the sale of the bands alone. The question here presented was not discussed, and apparently there was diversity of citizenship.

In Dewey & Almy Chemical Co. v. American Anode Inc., supra, 137 F.2d at page 71, we said, "In patent cases it has been held that an 'actual controversy' may exist even though, for one reason or another, the patentee is disabled from maintaining any action against the particular alleged infringer seeking the declaration." Citing Alfred Hofmann, Inc., v. Knitting Machines Corp., supra, 123 F.2d at page 460, 461; Western Electric Co. v. Hammond, 1 Cir., 1943, 135 F.2d 283.

The Hofmann case held that the allegation and proof by a vendor that it is engaged in a course of conduct, the sale of machinery, which has brought, and must bring purchasers from it into conflict with the owner of the patent is sufficient to support a suit for a declaratory judgment by the vendor.

True the vendor could not be sued for infringement because he had not sold any machines after the date of issuance of the patent; true also he had not been charged by the patentee with infringement, but one to whom he had sold a machine prior to issuance of the patent had been sued for infringement by reason of use of the machine after the patent issued, and other customers of plaintiff were notified that acquisition and use of plaintiff's machinery would constitute infringement. The defendant contended that the very machine plaintiff was selling would when sold or used infringe defendant's patents. Plaintiff could have been sued for infringement by a sale of a machine after the date the patent issued. Defendant charged plaintiff's product infringed and plaintiff was intending to import and sell more machines when war conditions warranted. The court applied established law that the manufacturer could bring a suit for a declaratory judgment where charges of infringement were made as to its product against its customers. Particularly that situation was covered by the qualification of the rule of Treemond Co. v. Schering Corp., supra, made in Dewey & Almy Chemical Co. v. American Anode, Inc., cited supra. Finally the charge of infringement was against the use of the machine in the same condition as when it left the control of plaintiff. This is quite unlike the charge made against the process in the instant case.

In Dewey & Almy Chemical Co. v. American Anode, Inc., supra, plaintiff averred defendant charged infringement, sought to negotiate a license and threatened plaintiff with suit. In another suit defendant

asserted a scope for its patent broad enough to encompass the use of the process by plaintiff. The court held in view of the other suit no direct threat against plaintiff was needed.

In Western Electric Co. v. Hammond, supra, apart from the remedy afforded by the Declaratory Judgment Act, neither party had a cause of action against the other. Under a sub-license plaintiff manufactured and sold articles to the Government, notwithstanding patentee's claim that the license did not include such right. By law the patentee could not sue plaintiff for infringement but could only and did sue the Government in the Court of Claims. Plaintiff could not sue the patentee in tort because defendant acted under a claim of right. The patentee charged plaintiff's product and its articles infringed. Plaintiff sought a declaratory judgment. Since neither party could otherwise sue the other, the patentee claimed there could be no case or controversy to support a declaratory judgment. It was held that the act created a new remedy, and that plaintiff had a legal interest because a judgment under the act would affect not only its possible liability to the Government on its contracts of indemnity but also its right to enter into similar transactions with the Government in the future, which according to the complaint plaintiff sought to do. That case involved the interpretation of a contract and apparently there was diversity of citizenship.

In Girdler Corp. v. E. I. Du Pont De Nemours & Co., D.C.Del.1944, 56 F.Supp. 871, defendant wrote plaintiff that it was offering for sale equipment that would infringe defendant's patent and that failure of plaintiff to obtain a license would be considered notice of infringement. The device in Girdler involved a question of contributory infringement. Here there is no such question.

"A patent is a species of property. It gives the patentee * * * the 'exclusive right to make, use, and vend the invention or discovery' for a limited period. R.S. § 4884, 35 U.S.C. § 40, 35 U.S.C.A. § 40. That is to say, it carries for the statutory period 'a right to be free from competition in the practice of the invention'." Transparent-Wrap Machine Corp. v. Stokes & Smith Co., 329 U.S. 637, at page 643, 67 S.Ct. 610, 614.

What steps the patentee has taken in this case are a matter between the patentee and the alleged users of the process covered by the patent.

The situation as to plaintiff is no different than if plaintiff sold milk, from which casein is made, to its customers and they in turn made their own casein fibers which they might thereafter use in a way to infringe defendant's patents, or in a way which would not. As the learned trial judge observed, "To hold otherwise would be to say that a person (who admittedly is not an infringer) who furnishes any commercial resin to a manufacturer for use in a process to make a plastic, for example, which infringes the patent of another, may bring a declaratory judgment action, even where there is no diversity, to test the validity of the patent." [64 F.Supp. 696, 698.]

We realize the importance to the public generally that an invalid patent should not have the protection of the law. The power of the court under the Declaratory Judgment Act is limited to the declaration of rights and legal relations of interested parties. In this case we find that there is no federal question involved; that the plaintiff has no rights under the patent laws; that no case or controversy is presented over which the District Court has jurisdiction. The judgment of the District Court will, therefore, be affirmed.