**In re Marlene FELIPE, Debtor.**

**Paul Mason & Associates, Inc., Plaintiff,**

**v.**

**Marlene Felipe and Patrick Cordero, Esq., Defendants.**

**In re Nelson Burgos and Joann Burgos, Debtor.**

**Paul Mason & Associates, Inc., Plaintiff,**

**v.**

**Nelson Burgos, Joann Burgos and Patrick Cordero, Esq., Defendants.**

**Bankruptcy Nos. 02–18262–BKC–RAM, 98–41087–BKC–RAM.**
**Adversary Nos. 04–1463–BKC–RAM–A, 04–1573–BKC–RAM–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 4, 2005.

Christopher G. Berga, Lydecker &
Wadsworth, L.L.C., Miami, FL, for Plaintiff.

Nancy Herkert, Miramar, FL, Chapter 13 Trustee.

## ORDER DISMISSING ADVERSARY PROCEEDINGS

ROBERT A. MARK, Chief Judge.

After reviewing the nearly identical complaints (the "Complaints") in these adversary proceedings, the Court, *sua sponte*, concludes that the proceedings must be dismissed. In the guise of lawsuits against an attorney who frequently represents debtors in Chapter 13 cases in this district, the Plaintiff, who frequently files proofs of claim as agent for various institutional unsecured creditors, seeks a declaratory judgment that the computer printouts it typically attaches to its proofs of claim are sufficient documentation to render the claims presumptively valid. For the reasons that follow, the Complaints must be dismissed for failure to state a claim and failure to join indispensable parties.[1]

### Procedural History

The Court conducted a pretrial conference on December 2, 2004 in the first of the above-styled adversary proceedings, *Paul Mason & Associates v. Marlene Felipe and Patrick Cordero*, Adv. No. 04–1463–BKC–RAM–A. At the December 2nd hearing, the Court advised the parties that it was considering dismissal of the proceeding, *sua sponte*, based upon its independent review of the Complaint. At this hearing, the Court was also informed by Plaintiff's counsel that a virtually identical adversary proceeding had been filed, the second of the above-styled proceedings, *Paul Mason Associates, Inc., v. Nelson Burgos, Joann Burgos and Patrick Cordero, Esq.*, Adv. Case No. 04–1573–BKC–RAM–A. Although the *Burgos* proceeding is not set for pretrial conference until February 3, 2005, the Court also finds it appropriate to consider dismissal of this proceeding *sua sponte* since the Complaint in both adversary proceedings are nearly identical.

### Allegations and Relief Sought in the Complaints

Plaintiff, in the "business of providing claims services to creditors of debtors in bankruptcy," acts as an agent for creditors by filing proofs of claim in bankruptcy cases. As described in the Complaints, the method for filing proofs of claim consists of attaching a computer generated account summary that includes details of the activity on the account, information concerning the debtor, amounts past due and amounts owing. Within the Complaints, Plaintiff alleges that Defendant Patrick Cordero, in his capacity as an attorney for debtors, including Debtors, Felipe and Burgos, routinely objects to Plaintiff's proof of claims asserting that "the attached documents do not support the alleged debt." Finding Cordero's practice of objecting to claims to be abusive and harassing, Plaintiff seeks a declaratory judgment that its method for filing proofs of claim is sufficient to render such proofs of claim presumptively valid pursuant to Federal Rule of Bankruptcy Procedure 3001(f).

Each of the Debtors are named as defendants in these proceedings and the Complaints refer to and attach the proofs of claim filed by the Plaintiff and the Objections to Claims filed by Defendant

---

**1.** After this Order was drafted, but before it was entered, the Court was made aware that the Defendants in both of these cases have now filed motions to dismiss. Neither the motions nor the Plaintiff's responses raise any issues different from those addressed in this Order.

Cordero on behalf of the Debtors. In *Felipe,* Plaintiff filed proofs of claim for Pier 1 Imports, Inc., and for Cingular Wireless. In *Burgos,* Plaintiff filed proofs of claim for Target/RNB and for Dillard National Bank.

Despite these debtor-specific allegations, the Complaints do not seek relief in either of these underlying bankruptcy cases. In fact, the issue is moot in both of these cases. In *Burgos,* the Debtors filed their Notice of Withdrawal of Debtor's Objection to Dillard National Bank & Target/RNB Proofs of Claim on November 19, 2004 (CP # 57 in the main case). In *Felipe,* on February 19, 2004, the Debtor filed a Notice of Withdrawal of Debtor's Objection to the Proof of Claim filed by Cingular Wireless (CP # 45 in the main case) and Notice of Withdrawal of Debtor's Objection to the Proof of Claim filed by Pier 1 Imports, Inc. (CP # 44).

Instead of relief specific to these Debtors, Plaintiff seeks declaratory relief approving its proof of claim procedures, relief which it apparently hopes would be applicable in all future cases in which Plaintiff files proofs of claim, or at least applicable to all claims filed in future cases in which the debtors are represented by Defendant Cordero. Despite the acknowledged mootness as to the proofs of claim in these two cases, Plaintiff argues that a "genuine controversy" exists between the Plaintiff and the Defendants, because Defendant Cordero allegedly always withdraws the objections if Plaintiff responds. Plaintiff claims that this is therefore an injury capable of repetition yet evading review, which it argues provides an exception to the mootness doctrine.

### Discussion

Plaintiff seeks declaratory relief under 28 U.S.C. § 2201(a). That section provides in pertinent part as follows:

> In a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration.

28 U.S.C. § 2201(a)(2004).

 Federal courts cannot consider moot or academic questions so a plaintiff seeking declaratory relief must allege a "justiciable controversy." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1238 (3d ed.1998)(citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941)(facts must show a substantial controversy, that is real and immediate between parties having adverse legal interests)). The requirement that the complaint plead a justiciable controversy is so important, a court may raise an objection to the complaint on its own motion even if it is not raised by the parties. 5 Wright & Miller, *supra* § 1238 (citing *Aralac, Inc. v. Hat Corp. Of America,* 166 F.2d 286 (3rd Cir.1948)).

 Also relevant to the Court's review of the Complaints is the application of Rule 19 of the Federal Rules of Civil Procedure, applicable here under Federal Rule of Bankruptcy Procedure 7019. Pursuant to Rule 19(b), dismissal is appropriate if there are parties whose interests may be affected by the outcome of the proceeding and they cannot be made a party. 7 *Wright, Miller & Kane, supra* § 1616. Applying the foregoing legal principles to the Complaints before the Court results in the inescapable conclusion that the Complaints must be dismissed.

### A. *The Complaint Fails to State a Claim Against the Debtor Defendants*

 It appears that the Complaints include specific allegations relating to the

Chapter 13 cases of the Debtor Defendants merely to provide examples of the type of documentation Plaintiff attaches to proofs of claim and examples of the form of claims objections which Defendant Cordero allegedly files in numerous cases in which he acts as counsel for debtors.

The Complaints do not state a claim upon which relief can be granted against the Debtor Defendants. The proofs of claim filed in the underlying cases became allowed claims when the Debtors withdrew their objections. Moreover, the Complaints contain no request for relief against these Defendants. Therefore, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable here under Federal Rule of Bankruptcy Procedure 7012(b), the Complaints must be dismissed against the Debtor Defendants for failure to state a claim.

### B. *The Complaint Fails to State a Claim Against Defendant Cordero*

■ The relief sought against Cordero is not moot to the extent that Plaintiff alleges a course of conduct by Cordero that may persist in future cases. Nevertheless, the Complaint fails to state a claim, because there is no justiciable controversy between Plaintiff, an agent for creditors, and Cordero, an attorney for debtors.

As discussed earlier, a complaint seeking declaratory relief must allege a real and immediate controversy between parties having adverse legal interests. That standard is not met here. Attorney Cordero holds no interest adverse to Plaintiff; he simply acts as counsel for debtors who have adverse interests to Plaintiff (or the creditors for whom Plaintiff acts as agent). An attorney may be an adverse party when sanctions are sought against the attorney. That is not what we have in these proceedings. Although Plaintiff alleges that Cordero's procedure for objecting to its claims is abusive, the relief sought is not actually against Cordero, individually, but rather declaratory relief determining the adequacy of the supporting documentation generally attached to Plaintiff's proof of claims. As such, there is no justiciable controversy between Plaintiff and Defendant Cordero which can support a claim for declaratory relief.

### C. *Dismissal is Required for Failure to Join Indispensable Parties*

■ The nature and scope of the relief sought by Plaintiff creates another fatal flaw in the Complaints, namely, failure to join indispensable parties. As described in the previous sections, the Debtor Defendants are not adverse parties, because any dispute with them became moot when they withdrew their claim objections, and Defendant Cordero is not an adverse party since he acts as counsel and has no personal stake in the claims objection process. The actual adverse parties are all of the future debtors (the "Future Debtors") who will file bankruptcy cases in which Plaintiff files proofs of claim.

■ As discussed earlier, Rule 19 of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7019 set forth the standard for joinder of parties in adversary proceedings. Of particular importance, Rule 7019 requires this Court to consider whether "in equity and good conscience" this suit for declaratory relief against non-joined Future Debtors should proceed. In deciding this question, the Court must balance (1) whether the granted relief is prejudicial; (2) whether such prejudice can be lessened or avoided; (3) whether the judgment without joinder would be adequate; and (4) whether the plaintiff would have any alternative remedies were the case dismissed for non-join-

der. *Shibata v. Lim*, 133 F.Supp.2d 1311, 1316 (M.D.Fla.2000).

Application of these standards mandates dismissal. Without question, the rights of Future Debtors will be affected if this Court were to grant declaratory relief deeming computer generated account summaries to be sufficient documentation to render the future proofs of claim presumptively valid. Equally obvious is the inability to join these future unnamed debtors.

Dismissal is the only remedy since Plaintiff's request for declaratory relief is prejudicial as to Future Debtors and the prejudice cannot be lessened or avoided by tailoring a more specific form of relief. In sum, the Future Debtors are indispensable parties pursuant to Rule 7019 and failure to join them is fatal to Plaintiff's Complaints.

### D. *Plaintiff has Adequate Alternative Remedies*

██ Plaintiff alleges that Defendant Cordero always withdraws the debtor's objections if Plaintiff responds to the objections resulting in injury "capable of repetition yet evading review." Burgos Complaint, ¶ 39. As such, Plaintiff alleges that the issue is not moot. The Court rejects this argument. First, if Future Debtors attempt to withdraw their objection to one of Plaintiff's claims, Plaintiff can object to the withdrawal and ask the Court to address the merits.[2] Second, and alternatively, Plaintiff can seek sanctions against Defendant Cordero if it prevails in any contested matter and Cordero continues to assert grounds for objecting to Plaintiff's claims which the Court has found legally insufficient.[3]

### Conclusion

In dismissing the Complaints, the Court is not reaching the issue of whether the computer statements are sufficient to create a prima facie claim, nor is it addressing the propriety of Defendant Cordero's allegedly abusive claims objection habits. As with other issues courts confront, issues concerning the sufficiency of proofs of claim will be raised and determined in cases before various judges. What this Court cannot do is issue a declaration of rights when there is no case or controversy between the parties before it and the relief sought could prejudice unnamed future parties in subsequent cases. Therefore, it is—

**ORDERED** as follows:

1. Adversary Proceeding Case No. 04–1463 is dismissed.

2. Adversary Proceeding Case No. 04–1573 is dismissed.

3. The Clerk shall docket this Order in both of the above-captioned proceedings.

---

2. In fact, this Court has addressed similar issues regarding the documentation which must be attached to a proof of claim to present a prima facie claim. *In re Owers*, Case No. 04–11019–BKC–RAM, Order Denying Objection to Claims and Allowing Claims as Filed, November 19, 2004.

3. Despite dismissing these Complaints, the Court is compelled to "remind" Mr. Cordero that claims objections should only address that portion of a claim actually in dispute *See In re Shank*, 315 B.R. 799 (Bankr.N.D.Ga. 2004). Thus, it is not appropriate, for example, to seek an Order striking a *$1,361.96* claim in its entirety (like the Cingular claim in *Felipe*) if the debtor has scheduled the claim as undisputed and liquidated in the amount of *$1,320.00*.